# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1734
Lower Tribunal No. 21-6820
_____

## Universal Property & Casualty Insurance Company,

Appellant,

vs.

## Arturo Armando Armand, et al.,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Russo Lima Appellate Firm, P.A., and Elizabeth K. Russo and Paulo R. Lima, for appellant.

Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller, for appellees.

Before LOGUE, C.J., and EMAS, and LINDSEY, JJ.

PER CURIAM.

Universal Property & Casualty Insurance Company appeals a Final Judgment following a jury verdict in favor of Arturo and Jocelyn Armand. Universal contends the trial court erred in denying its motion for leave to amend its affirmative defenses.

This Court reviews a ruling denying a motion for leave to amend a party's pleading under the abuse of discretion standard. DiGiacomo v. Mosquera, 322 So. 3d 734, 737 (Fla. 3d DCA 2021); Marathon Lodge No 1058 Loyal Order of Moose, Inc. v. Persl, 394 So. 3d 1211 (Fla. 3d DCA 2024). The Florida Supreme Court has defined "judicial discretion" as "[t]he power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court." Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla. 1980) (quoting 1 Bouvier's Law Dictionary and Concise Encyclopedia 804 (8th ed. 1914)). The standard of review applicable to this judicial discretion is explained as follows:

> In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.

Id. at 1203; see also Centex-Rooney Const. Co. v. Martin County, 725 So. 2d 1255, 1258 (Fla. 4th DCA 1999).

The Court's role in reviewing a discretionary act is to "acknowledge that reasonable persons might differ as to what is an appropriate" ruling and simply determine whether the decision lies "within the parameters of reasonableness." Canakaris, 382 So. 2d at 1204.

Based on the record before us and our governing standard of review, we hold that the trial court's ruling was reasonable. There is no reversible error.

Affirmed.